IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBIN CLARK, as Representative of
the Estate of Brenda Butler, Deceased,**

   **Plaintiff,**

 v.           **Civil Action 2:24-cv-1587**
              **Chief District Judge Sarah D. Morrison**
              **Magistrate Judge Kimberly A. Jolson**

**3M COMPANY, et al.,**

   **Defendants,**

## OPINION & ORDER

Defendants' Motion for Leave to File Certain Exhibits Under Seal (Doc. 92) is before the Court. The Motion is **DENIED**. Defendants must file unredacted copies of the documents on the public docket **within seven (7) days of the date of this Order**.

**I. BACKGROUND**

On September 16, 2014, former Plaintiff Brenda Butler underwent knee surgery at OhioHealth Berger Hospital in Circleville, Ohio. (Doc. 68 at ¶¶ 9, 12). During the surgery, Defendants' Bair Hugger Warming Blanket product ("Bair Hugger") "was used to keep parts of [Ms. Butler's] body warm." (*Id.* at ¶ 12 (cleaned up)). The Bair Hugger allegedly caused Ms. Butler to develop a periprosthetic joint infection ("PJI"), which led to additional complications, treatments, and surgeries. (*Id.* at ¶¶ 15–18). Consequently, Ms. Butler filed this lawsuit against Defendants on August 4, 2023, suing them under various Ohio and Minnesota state laws. (*Id.* at ¶¶ 125–246). But on December 21, 2024, Ms. Butler passed away. (Doc. 71). Shortly after her death, Robin Clark, the representative of Ms. Butler's estate, substituted as the party Plaintiff in this action. (Docs. 82, 83, 84).

On June 4, 2025, Defendants filed timely dispositive and evidentiary motions. (Docs. 88, 89, 90, 91; *see also* Doc. 87 (scheduling order)). Because those motions included many redacted exhibits, Defendants filed the instant Motion for leave to keep those exhibits redacted or under seal on the public docket. (Doc. 92 (seeking leave to redact or seal twelve exhibits)).

The Court has reviewed the unredacted documents *in camera* (Doc. 93), and the matter is ripe for review.

## II. STANDARD

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party

to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp., Inc.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

### III. DISCUSSION

Defendants seek to seal or redact twelve exhibits attached to their dispositive and evidentiary motions. (Doc. 92). Defendants divide the exhibits into two categories: (1) documents containing Ms. Butler's personal medical information, and (2) documents containing non-parties' medical information. (*Id.* at 3–5 (saying Exhibits 1, 2, 3, 8, 10, 11, 15, and 16 fall into the former,

3

and Exhibits 12, 13, 14, and 17 fall into the latter)).  The Court finds Defendants do not meet their burden to seal either set of exhibits.

Beginning with the first category, Defendants want to seal or redact the documents because they contain "protected health information of Brenda Butler that is not directly referenced by [Defendants'] Motion[s]."  (Doc. 92 at 3–5).  But Ms. Butler placed her "medical condition at issue" by filing this lawsuit and arguably waived "any applicable privileges or statutory protections that [her] medical records would have otherwise had."  *Lockhart v. Marietta City Schools*, No. 2:19-cv-2935, 2020 WL 5887005, at *1 (S.D. Ohio Oct. 5, 2020) (quoting *Tyson v. Regency Nursing, LLC*, No. 3:17-cv-91, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018)); *see also Davis v. City of Columbus*, 2:17-cv-823, 2021 WL 7968412, at *1 (S.D. Ohio Feb. 2, 2021) (collecting cases); *Doe v. Brooks Automation US LLC*, No. 3:24-cv-1284, 2025 WL 936659, at *4, 6 (M.D. Tenn. Mar. 27, 2025).  What's more, Ms. Butler's privacy interests are "diminished" since she passed away during the pendency of this lawsuit.  *Cleaver v. Transamerica Life Ins. Co.*, No. 4:18-cv-178, 2021 WL 1617811, at *2 (W.D. Ky. Apr. 26, 2011) (citation omitted).

Plus, the public's interest in viewing the exhibits is not minimal.  The medical information is highly relevant to the issues in this case because Plaintiff sues over complications allegedly caused by the Bair Hugger during Ms. Butler's knee surgery.  (Doc. 68 at ¶¶ 125–246).  And the Court likely will base its rulings on Defendants' dispositive and evidentiary motions on the exhibits.  *Lockhart*, 2020 WL 5887005, at *2 (saying the public has an interest in viewing evidence underlying court decisions, even if it is "deemed privileged or protected"); *Tyson Regency Nursing, LLC*, 2018 WL 632063, at *2 (finding a strong public interest in viewing materials underlying a court decision).

4

Finally, Defendants make little effort to narrowly tailor their request. Notably, some of the unredacted materials reveal Ms. Butler's medical information, though Defendants do not explain why this information may be disclosed while other information should be sealed. (*See, e.g.*, Ex. 16 at 3). Many of the redacted portions of the exhibits also do not contain Ms. Butler's health information at all. (*See, e.g.*, Ex. 3 at 4–5; Ex. 2 at 2–7, 15–31; Ex. 8 at 2–11, 18–22, 24–35; 37–43, 80–91; Ex. 15 at 9–22; Ex. 16 at 5–10). And others reference information that is summarized elsewhere on the public docket. (*See, e.g.*, Ex. 3 at 2–3; Ex. 2 at 11–13; Ex. 8 at 22, 24, 44–62, 66–69, 75–86; Ex. 15; Ex. 16 at 2; *see also* Doc. 90 at 5–6; Doc. 68 (summarizing Plaintiff's medical history)). *See S.R.X. v. Fleming*, No. 3:20-cv-126, 2020 WL 12991127, at *3 (W.D. Ky. Apr. 24, 2020) ("The Court finds no compelling interest exists to seal materials that are already publicly available."); *Ecolab, Inc. v. Ridley*, No. 1:22-cv-050, 2023 WL 11762683, at *3 (E.D. Tenn. July 13, 2023) (denying a request to seal an attachment that had been "part of the public record of a court hearing" for four months).

Likewise, Defendants' requests for the remaining exhibits are not narrowly tailored. Defendants say these exhibits contain non-parties' private health information. (Doc. 92 at 3–5). To be sure, "the privacy interests of innocent third parties" can be a compelling reason to seal documents. *Shane Grp., Inc.*, 825 F.3d at 308. Yet most of Defendants' proposed redactions do not include health information at all. For example, although Exhibit 12 names plaintiffs from other lawsuits involving the Bair Hugger, the 225-page deposition does not mention their medical history at all. (Ex. 12 (detailing an expert's opinions on the Bair Hugger)). Large swaths of Exhibits 13, 14, and 17 don't either. And Defendants do not say whether these plaintiffs' medical information is publicly available in their lawsuits regarding the Bair Hugger.

At bottom, Defendants have not met their high burden to seal or heavily redact the exhibits as requested. Their Motion (Doc. 92) is **DENIED**. Defendants must file the unredacted exhibits on the public docket **within seven (7) days of the date of this Order**.

On a final note, the Court notes that Defendants did not follow this District's procedures for filing documents under seal. Local Rule 5.2.1 provides that "parties may not file documents under seal without [first] obtaining leave of Court." S.D. Ohio Civ. R. 5.2.1(a). Here, Defendants filed their redacted exhibits without the Court's permission and asked for leave after-the-fact. (*See* Doc. 92 (filed after Docs. 88, 89, 90, and 91)). The parties are **WARNED** that if they fail to adhere to Rule 5.2.1's procedures in the future, the Court will order that the documents be unsealed.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File Certain Exhibits Under Seal (Doc. 92) is **DENIED**. Defendants are **ORDERED** to file unredacted copies of their exhibits on the public docket **within seven (7) days of the date of this Order**.

IT IS SO ORDERED.

Date:  June 20, 2025                                 /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE